**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL REMBERT,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DOCKET NUMBER<br>AT-1221-19-0723-X-1<br><br><br>DATE: May 25, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Rembert, Columbia, South Carolina, pro se.

Lucille P. Smith, Columbia, South Carolina, for the agency.

Sophia E. Haynes, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      On March 2, 2021, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in noncompliance with a settlement agreement that had been filed with the Board for enforcement purposes at the request of the parties. *Rembert v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-19-0723-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision (CID); *Rembert v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-19-0723-W-3, Initial Appeal File (IAF), Tab 17, Initial Decision. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      On November 9, 2020, the appellant and the agency executed a Settlement Agreement (Agreement) in MSPB Docket No. AT-1221-19-0723-W-3, which was entered into the record for enforcement purposes. CID at 1; *see* IAF, Tab 16. Pursuant to the Agreement, the agency promised, in pertinent part, to restore 100 hours of annual leave to the appellant within 45 days of the execution of the Agreement. CID at 1-2. Thus, the deadline for the agency to restore the appellant's leave was December 24, 2020. CID at 2.

¶3      On January 26, 2021, the appellant filed a petition for enforcement of the Agreement asserting that the agency had not restored the 100 hours of annual leave as agreed. CF, Tab 1 at 3, Tab 4 at 3, Tab 5 at 3. The appellant further represented that because of the agency's delay, he would "be over the limit of 240 hours [of accrued annual leave] by year[']s end and would effectively lose the benefit of using the 100 hours in the agenc[y's] use or lose procedures." CF, Tab 4 at 3. Accordingly, the appellant requested specific performance of the agency's promise to restore the 100 hours of annual leave; an order directing the agency to waive its policy requiring the forfeiture of leave exceeding 240 hours at the close of the 2021 leave year; and $5,000 in liquidated damages as a sanction.

*Id.* The agency responded with evidence showing that on December 16, 2020, it had submitted a ticket to the Defense Finance and Accounting Service (DFAS), which is the entity that processes payroll and leave accounting for the agency, but conceded that the leave had not been restored within the time frame specified under the settlement agreement. CID at 2.

¶4 In the March 2, 2021 compliance initial decision, the administrative judge found the agency to be noncompliant with the Agreement. CID at 3-4. Accordingly, the administrative judge ordered the agency to restore 100 hours of annual leave to the appellant's leave account not later than 20 days after the compliance initial decision became final.[3] CID at 4, 6. The administrative judge further ordered that "[t]he restored leave at issue shall not expire in less time than it would have done had the agency timely processed the restoration of this leave in accordance with the terms of the Agreement. In other words, the appellant shall have no less time to actually use this restored leave than he would have had if the agency had properly processed the action as required within the Agreement." CID at 5. The administrative judge, however, declined to award the appellant the requested liquidated damages "because no such term for liquidated damages is present within the Agreement, and such funds would exceed status quo ante relief." CID at 4 (footnote omitted).

¶5 Neither party filed a petition for review of the compliance initial decision, and the agency filed a statement asserting that it had taken the actions specified in the compliance initial decision. *Rembert v. Department of Veterans Affairs*,

---

[3] The compliance initial decision's reference to the decision becoming final, and corresponding provision of judicial appeal rights, were incorrect. Pursuant to 5 C.F.R. § 1201.183(a)(4), only compliance initial decisions that find compliance will become final in the absence of any petition for review by the parties. Compliance initial decisions that find non-compliance—as this one did—do not become final regardless of whether a petition for review is filed. Rather, if no petition for review is filed, the *findings* of compliance become final, i.e., unchallengeable by the parties, while the *issues* of compliance are referred automatically to the Board for a final decision. 5 C.F.R. § 1201.183(a)(5), (b). Judicial appeal rights do not attach until the Board issues such a final decision. 5 C.F.R. 1201.183(c)(2).

MSPB Docket No. AT-1221-19-0723-X-1, Compliance Referral File (CRF), Tab 1. Thus, the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(b)-(c). CRF, Tab 2. In its Acknowledgement Order, the Office of the Clerk of the Board notified the appellant of his right to respond to the agency's submission and informed him that if he did not respond to the submission within 20 days of service, then the Board may assume that he is satisfied and dismiss the petition for enforcement. CRF, Tab 2 at 3. The appellant did not respond to the agency's May 12, 2021 submission.

¶6      "The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order." *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). When the appellant alleges the agency has breached a settlement agreement, the agency must respond by producing relevant, material evidence of its compliance or showing good cause for noncompliance. *Id.* However, the appellant ultimately bears the burden of proving the agency's breach by a preponderance of the evidence.[4] *Id.*

¶7      In its May 12, 2021 statement of compliance, the agency asserts that DFAS restored 100 hours of annual leave to the appellant's leave account effective May 3, 2021. CRF, Tab 1 at 4. The agency attached a completed ticket from DFAS dated May 3, 2021, stating, in pertinent part, "The leave has been restored to the employee [the appellant]." CRF, Tab 1 at 9. The Board determines that the agency's submission shows that it is now in compliance with the requirement that it restore 100 hours of annual leave to the appellant.[5] Since the appellant has

---

[4] A preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

[5] However, the Board rejects the agency's claim that the obligation to restore appellant's leave in accordance with the settlement agreement rests with the Defense Finance and Accounting Service (DFAS) rather than with the agency. *See* CRF, Tab 1

not responded to the agency's assertions and evidence of compliance, the Board assumes he is satisfied.  *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶8          The agency's submission did not address whether it had complied with the administrative judge's order that the agency waive the 240-hour leave ceiling at the close of the 2021 leave year to allow the appellant the same amount of time to "use this [100 hours of] restored leave . . . he would have had if the agency had properly processed the action."  CID at 5.  As it may not become clear until the close of the leave year whether the appellant has accrued leave in excess of 240 hours, the Board does not rule on that issue now.  If the appellant accrues leave in excess of 240 hours at the close of the leave year, and the agency does not afford him the amount of time he would originally have had to use the leave had the leave been timely restored—as ordered by the compliance initial decision—the appellant may file another petition for enforcement at that time.

¶9          Based upon the foregoing, we find that the agency is in compliance at this time and dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

at 4.  DFAS processes payroll, leave, and other accounting actions on behalf of the agency, and acts as the agency's agent when it does so.  The agency entered into the settlement agreement and the obligations it contracted for—and any penalties for non-compliance—rest entirely with the agency.  The agency is responsible for ensuring that its agent, DFAS, satisfies the agency's obligations in a timely fashion.  *See Tichenor v. Department of the Army*, 84 M.S.P.R. 386, ¶ 8 (1999) (rejecting agency's argument that severance pay withheld by DFAS was not the result of the agency's action, on the ground that the agency used DFAS as its paying agent).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                  /s/ for
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.